IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| VERONICA R. TARVER, <br> And <br> JAMES B. MIDDLETON, <br> individually, and on behalf of all others <br> similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AT&T MOBILITY, LLC, <br> AT&T CORP., and <br> AT&T, INC., <br><br> Defendants. | CIVIL ACTION NO.: 3:11CV408 <br><br> JURY TRIAL DEMANDED |

FILED
JUN 2 4 2011
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## COMPLAINT

Plaintiffs, Veronica R. Tarver and James B. Middleton, individually, and on behalf of all others similarly situated, (hereinafter "Plaintiffs"), bring this action for overtime compensation and other relief against AT&T Mobility, LLC, AT&T Corp., and AT&T, Inc. (hereinafter collectively "Defendants" or "AT&T"), jointly and severally, under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and hereby state and allege as follows:

### INTRODUCTION

1. This action is brought pursuant to FLSA § 216(b) by Plaintiffs on behalf of themselves and all others similarly situated for purposes of obtaining relief under the FLSA for unpaid wages, overtime wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2. This action is brought pursuant to the collective action provision of the FLSA found at § 216(b), for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by Defendants which have deprived the named Plaintiffs as well as others similarly situated to the named Plaintiffs of their lawful wages.

3. The material time for the claims under the FLSA in this case is the three-year period prior to the date of Plaintiffs' Complaint and the period of additional time, if any, that Plaintiffs' and other similarly-situated employees' claims were tolled or extended by agreement of Defendants, by equity, or by operation of law.

## JURISDICTION AND VENUE

4. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) and (c), because Defendants operate in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

6. The FLSA regulates, among other things, the payment of minimum wages and overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. At all times pertinent to this Complaint, Defendants, in conjunction with their respective divisions, subsidiaries or affiliates of their Virginia location(s) in the United States, however such divisions, subsidiaries or affiliates are constituted has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined

in 29 U.S.C. § 203(r) and (s). The annual gross sales volume of Defendants exceeds $500,000.00 per annum.

## PARTIES

7. Defendant AT&T Mobility, LLC is a Virginia Limited Liability Company whose branch offices are located throughout the Commonwealth of Virginia and whose primary business is to provide cellular phones and services for its customers.

8. Upon information and belief, Defendants AT&T Corp. and AT&T, Inc. are foreign corporations who are authorized to do business in the Commonwealth of Virginia, and are the joint employers of the Plaintiffs along with Defendant AT&T Mobility, LLC.

9. Plaintiff Veronica R. Tarver is a resident of and is domiciled in Spotsylvania County, Virginia.

10. For the entirety of her employment with Defendants, or from on or around September 1997 to June 2008, Plaintiff Veronica R. Tarver was an employee of the Defendants and worked for Defendants as Sales Representative and Assistant Manager.

11. Plaintiff James B. Middleton is a resident of and is domiciled in Renton, Washington.

12. For the entirety of his employment with Defendants, from on or around November 2006 to December 2007, Plaintiff James B. Middleton was an employee of the Defendants and worked for Defendants as an Assistant Manager.

13. Defendants through themselves or other unknown entities, directly or indirectly acted in the interest of an employer toward Plaintiffs at all material times, including without limitation directly or indirectly controlling the terms of employment and compensation of the Plaintiffs. In the alternative, Defendants and each of their respective divisions, subsidiaries or

affiliates, however constituted for the locations at issue, was the employer of Plaintiffs and commonly controlled the terms of compensation and employment of Plaintiffs.

## COLLECTIVE ACTION

14. Upon information and belief, Defendants currently employ and have employed numerous other people with the same job duties and functions as the Plaintiffs.

15. Defendants have subjected the Plaintiffs as well as others similarly situated to them to the same compensation and time-keeping practices.

16. Defendants have failed to pay the Plaintiffs as well as others similarly situated to them the lawful overtime premium pay required by the FLSA.

17. These other similarly-situated employees and former employees of Defendants would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records. Specifically, all current and former persons employed as assistant managers by Defendants who have been employed by the Defendants within the applicable limitations period and who have been improperly compensated in violation of the FLSA would benefit from Court-Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

## ALLEGATIONS

18. At all times material herein, Plaintiffs and others similarly situated to them have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

19. At all times during their employment with Defendants, Plaintiffs and others similarly situated to them were non-exempt employees and were paid an hourly rate.

20. Plaintiffs and others similarly situated to them were regularly required to work more than forty (40) hours per workweek but did not receive one-and-one half times their regular rates of pay for all hours worked over forty (40) in a workweek for the duration of their employment with Defendants. Defendants violated the FLSA by failing to pay Plaintiffs and others similarly situated to them overtime wages for all hours worked over forty (40) in every workweek.

21. Defendants failed to pay Plaintiffs for compensable time spent "off the clock" during which they were performing duties required by Defendants.

22. Plaintiffs and others similarly situated to them worked were provided with a cell phone or other wireless device on which they were required to take and make phone calls from and to other AT&T personnel and customers, send and receive e-mails to and from other AT&T personnel and customers, and send and receive text messages to and from other AT&T personnel and customers, all while off-the-clock.

23. Plaintiffs and others similarly situated to them were required to work during their lunch breaks yet a half-hour was deducted from their time regardless of whether they were completely relieved of their duties during their lunch breaks.

24. Plaintiffs and others similarly situated to them were required to perform other work for Defendants while off-the-clock including participating in training required by Defendants, participating in conference calls and preparing for special store events.

25. Defendants have further violated the FLSA by failing to maintain adequate records of the time worked by Plaintiffs and others similarly situated to them pursuant to 29 U.S.C. §§ 211(c) and 215 and 29 C.F.R. § 516.

26. Defendants have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs and other similarly situated employees and former employees in accordance with § 207 of the FLSA.

27. Plaintiffs and others similarly situated to them routinely complained to their store managers and other management officials about working off-the-clock and not being paid but were told that there was nothing that could be done.

28. As a result of the Defendants' violations of the FLSA, the Plaintiffs, as well as all others similarly situated, have suffered damages by failing to receive compensation in accordance with § 207 of the FLSA.

29. Defendants' actions in failing to properly compensate the Plaintiffs, as well as other similarly situated employees and former employees in violation of the FLSA, were willful.

30. Defendants have not made a good faith effort to comply with the FLSA because Defendants were aware of the Plaintiffs' off-the-clock work activities but failed to compensate Plaintiffs and others similarly situated to them for all hours worked in a given workweek.

WHEREFORE the Plaintiffs, Veronica R. Tarver and James Middleton, individually, and on behalf of all other similarly-situated persons, pursuant to § 216(b) of the FLSA, pray for the following relief:

a. That at the earliest possible time, she be allowed to give notice, or that the Court issue such Notice, to all Defendants' employees in all locations within the United States during the three years immediately preceding the filing of this suit and to all other potential Plaintiffs who may be similarly situated informing them that this action has been filed, of the nature of the action, and of their right to opt-into this lawsuit if they worked overtime but were not paid proper compensation and benefits pursuant to 29 U.S.C. § 216(b);

b.  That the Plaintiffs and others similarly situated to them be awarded damages in the amount of their unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), and prejudgment interest;

c.  That the Plaintiffs and others similarly situated to them be awarded their reasonable attorney's fees, including the costs and expenses of this action;

d.  That the Court issue an Order pursuant to 29 U.S.C. § 217 directing the Defendants to maintain adequate records of, among other things, Plaintiffs' hours worked and overtime pay pursuant to 29 U.S.C. §§ 211(c) and 215 and 29 C.F.R. § 516; and

e.  That the Court award such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby requests trial by jury of all issues triable by jury under Virginia and Federal law.

Dated: June 24, 2011

Respectfully submitted,

J. ALLEN SCHREIBER (VSB#79397)
JOANNA L. SUYES (VSB#74226)
MARKS & HARRISON P.C.
1500 Forest Ave.
Richmond, VA 23229
Phone: (804) 282-0999
Fax: (804) 288-1330
aschreiber@marksandharrison.com
jsuyes@marksandharrison.com